## United States Bankruptcy Court
### Eastern District of Wisconsin

In re: Jacob M Reinders / Kristin Lynn Anschutz, Debtor(s)

Case No. _____
Chapter 13

# CHAPTER 13 PLAN

### NOTICES

**NOTICE TO DEBTORS:** This plan is the model plan as it appears in the Appendix to the Local Rules of the Bankruptcy Court for the Eastern District of Wisconsin on the date this plan is filed. **THIS FORM PLAN MAY NOT BE ALTERED IN ANY WAY OTHER THAN WITH THE SPECIAL PROVISIONS IN SECTION 10.**

☒ A check in this box indicates that the plan contains special provisions set out in Section 10 below.

**NOTICE TO CREDITORS: YOUR RIGHTS WILL BE AFFECTED BY THIS PLAN.** You should read this Plan carefully and discuss it with your attorney. If you oppose any provision of this plan you must file a written objection. The time to file an objection will be in a separate notice. Confirmation of this Plan by the Court may modify your rights. You may receive less than the full amount of your claim and/or a lesser interest rate on your claim.

**You must file a proof of claim in order to be paid under this Plan. Payments distributed by the Trustee are subject to the availability of funds.**

### THE PLAN

Debtor or Debtors (hereinafter "Debtor") propose this Chapter 13 Plan:

**1. Submission of Income.**

☐ Debtor's annual income is above the median for the State of Wisconsin.
☒ Debtor's annual income is below the median for the State of Wisconsin.

   **(A).** Debtor submits all or such portion of future earnings or other future income to the Chapter 13 Trustee (hereinafter "Trustee") as is necessary for the execution of this Plan.

   **(B).** Tax Refunds (Check One):

   ☒ Debtor is required to turn over to the Trustee 50% of all net federal and state income tax refunds received during the term of the plan.
   ☐ Debtor will retain any net federal and state tax refunds received during the term of the plan.

**2. Plan Payments and Length of Plan.** Debtor shall pay the total amount of $33,280.20 by paying $256.00 per (check one) ☐ month ☐ week ☒ every two weeks ☐ semi-monthly to Trustee by ☒ Periodic Payroll Deduction(s) from (check one) ☐ Debtor ☒ Joint Debtor or by ☐ Direct Payment(s) for the period of 60 months. The duration of the plan may be less if all allowed claims in every class, other than long-term claims, are paid in full.

☐ If checked, plan payment adjusts as indicated in the special provisions located at Section 10 below.

1

**3. Claims Generally. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.** Creditors may file a proof of claim in a different amount. Objections to claims may be filed before or after confirmation.

The following applies in this Plan:

**CHECK A BOX FOR EACH CATEGORY TO INDICATE WHETHER THE PLAN OR THE PROOF OF CLAIM CONTROLS:**

|   |   | Plan Controls | Proof of Claim Controls |
|---|---|---|---|
| A. | Amount of Debt | ☒ | ☐ |
| B. | Amount of Arrearage | ☒ | ☐ |
| C. | Replacement Value - Collateral | ☒ | ☐ |
| D. | Interest Rate - Secured Claims | ☒ | ☐ |

**FAILURE TO CHECK A BOX UNDER A CATEGORY IN THIS SECTION WILL MEAN THAT A PROPERLY FILED PROOF OF CLAIM WILL CONTROL FOR THE CORRESPONDING SUB-PARAGRAPH OF THE PLAN.**

**4. Administrative Claims.** Trustee will pay in full allowed administrative claims and expenses pursuant to 507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

**(A). Trustee's Fees.** Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee, not to exceed 10% of funds received for distribution.

**(B). Debtor's Attorney's Fees.** The total attorney fee as of the date of filing the petition is $ 3,500.00 . The amount of $ 15.00 was paid prior to the filing of the case. The balance of $ 3,485.00 will be paid through the plan. Pursuant to 507(a)(2) and 1326(b)(1), any tax refund submission received by the trustee will first be used to pay any balance of Debtor's Attorney's Fees.

**Total Administrative Claims:** Est. $6,510.20

**5. Priority Claims.**

**(A). Domestic Support Obligations (DSO).**

☐ If checked, Debtor does not have any anticipated DSO arrearage claims or DSO arrearage claims assigned, owed or recoverable by a governmental unit.

☒ If checked, Debtor has anticipated DSO arrearage claims or DSO arrearage claims assigned, owed or recoverable by a governmental unit. Unless otherwise specified in this Plan, priority claims under 11 U.S.C. 507(a)(1) will be paid in full pursuant to 11 U.S.C. 1322(a)(2). A DSO assigned to a governmental unit might not be paid in full. 11 U.S.C. 507(a)(1)(B) and 1322(a)(2).

| (a) DSO Creditor Name and Address | (b) Estimated Arrearage Claim | (c) Total Paid Through Plan |
|---|---|---|
| State of Wisconsin<br>Bureau of Child Support<br>901 N. 9th Street, Room 101<br>Milwaukee, WI 53233<br><br>Megan Biere<br>address unknown | $5,554.30 | $5,554.30 |
| **Totals** | $5,554.30 | $5,554.30 |

Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                                                                                   Best Case Bankruptcy

**(B). Other Priority Claims (e.g., tax claims).** These priority claims will be paid in full through the plan.

| (a) Creditor | (b) Estimated claim |
|---|---|
| Internal Revenue Service | $355.00 |
| **Totals:** | $355.00 |

**Total Priority Claims to be paid through plan:** Est. $5,909.30

**6. Secured Claims.** The holder of a secured claim shall retain the lien securing such claim until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under Section 1328. The value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of the claim.

**(A). Claims Secured by Personal Property.**

☐ If checked, The Debtor does not have claims secured by personal property which debtor intends to retain. Skip to 6(B).

☒ If checked, The Debtor has claims secured by personal property which debtor intends to retain.

(i). **Adequate protection payments.** Creditor must file a proof of claim to receive adequate protection payments. Upon confirmation the treatment of secured claims will be governed by Paragraph (ii) below. The Trustee shall make the following monthly adequate protection payments to creditors pursuant to 1326(a)(1)(C):

| (a) Creditor | (b) Collateral | (c) Monthly Adequate protection payment amount |
|---|---|---|
| -NONE- | | $0.00 |
| | Total monthly adequate protection payments: | $00.00 |

(ii). **Post confirmation payments.** Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b).

(a). **Secured Claims - Full Payment of Debt Required.**

☐ If checked, the Debtor has no secured claims which require full payment of the underlying debt. Skip to (b).

☒ If checked, the Debtor has secured claims which require full payment of the underlying debt. Claims listed in this subsection consist of debts (1) secured by a purchase money security interest in a vehicle; (2) which debt was incurred within 910 days of filing the bankruptcy petition; and (3) which vehicle is for the personal use of the debtor; **OR**, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* 1325(a)(5). After confirmation the Trustee will pay the monthly payment in column (f).

| (a) Creditor | (b) Collateral | (c) Purchase Date | (d) Claim Amount | (e) Interest Rate | (f) Estimated Monthly Payment | (g) Estimated Total Paid Through Plan |
|---|---|---|---|---|---|---|
| -NONE | | | | | | |
| **TOTALS** | | | | | $ | |

(b). **Secured Claims - Replacement Value.**

☐ If checked, the Debtor has no secured claims which may be reduced to replacement value. Skip to (B).

☒ If checked, the Debtor has secured claims which may be reduced to replacement value. The

Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

amount of the debt or the replacement value assigned to the property is in column (d).

| (a) Creditor | (b) Collateral | (c) Purchase Date | (d) Replacement Value/Debt | (e) Interest Rate | (f) Estimated Monthly Payment | (g) Estimated Total Paid Through Plan |
|---|---|---|---|---|---|---|
| City of Milwaukee, Treasurer's Office | 436 North 111th Street Wauwatosa, WI 53226<br><br>Market Value taken from property tax assessment | | Est. FMV: $132,100.00<br><br>Est. Claim: $486.12 | %12.00 | pro rata | $642.17 |
| **TOTALS** | | | $486.12 | | pro rata | $642.17 |

**(B). Claims Secured by Real Property Which Debtor Intends to Retain.**

(i)  ☐  If checked, the Debtor does not have any claims secured by real property that Debtor intends to retain.  Skip to (C).

☒  If checked, the Debtor has claims secured by Real Property that debtor intends to retain. Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise.

| (a) Creditor | (b) Property description |
|---|---|
| PHH Mortgage Services Corp | 436 North 111th Street Wauwatosa, WI 53226<br><br>Market Value taken from property tax assessment |

(ii)

☒  If checked, the Debtor has an arrearage claim secured by Real Property that the Debtor will cure through the Plan. Trustee may pay each allowed arrearage claim the estimated monthly payment indicated in column (d) until paid in full.

| (a) Creditor | (b) Property | (c) Estimated Arrearage Claim | (d) Estimated Monthly Payment | (e) Estimated Total Paid Through Plan |
|---|---|---|---|---|
| PHH Mortgage Services Corp | 436 North 111th Street Wauwatosa, WI 53226<br><br>Market Value taken from property tax assessment | $19,380.66 | pro rata | $19,380.66 |
| TOTALS | | $19,380.66 | | $19,380.66 |

**Total Secured Claims to Be Paid Through the Plan:** Est. $20,022.83

**(C).  Surrender of Collateral.** This Plan shall serve as notice to creditor(s) of Debtor's intent to surrender the following collateral.  Any secured claim filed by a secured lien holder whose collateral is surrendered at or before confirmation will have their secured claim treated as satisfied in full by the surrender of the collateral.

| (a) Creditor | (b) Collateral to be surrendered |
|---|---|
| -NONE- | |

4

**7. Unsecured Claims.**

**(A).** Debtor estimates that the total of general unsecured debt not separately classified in paragraph (b) below is Est. $81,067.37 . After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of not less than $ 0  or  1 %, whichever is greater.

**(B).** Special classes of unsecured claims:
   None

**Total Unsecured Claims to Be Paid Through the Plan:  Not less than 1%.**

**8. Executory Contracts and Unexpired Leases.**

☐ If checked, the Debtor does not have any executory contracts and/or unexpired leases.

☒ If checked, the Debtor has executory contracts and/or unexpired leases. The following executory contracts and unexpired leases are assumed, and payments due after filing of the case will be paid directly by Debtor. Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts projected in column (d) at the same time that payments are made to secured creditors after confirmation.

| (a) Creditor | (b) Nature of lease or executory contract | (c) Estimated arrearage claim | (d) Estimated monthly payment |
|---|---|---|---|
| -NONE- | | | |
| | | Totals: | $ |

All other executory contracts and unexpired leases are rejected upon confirmation of the plan.

**9. Property of the Estate.** Property of the estate shall revest in Debtor (Check one):
☐  Upon Confirmation; or
☒  Upon Discharge

**10. Special Provisions.** Notwithstanding anything to the contrary set forth above, the Plan shall include the provisions set forth below. **The provisions will not be effective unless there is a check in the notice box preceding Paragraph 1 of this plan.**

---

Any plan provision included in this special provisions section which conflicts in any way with any provision contain in paragraphs numbered 1-9, 11, and/or 12 shall expand, overrule, or supersede the provision provided in paragraphs numbered 1-9, 11, and/or 12.

As used herein, the term "Debtor" shall include both debtors in a joint case.

Payments to the Trustee: The future earnings or other future income of the Debtor is submitted to the supervision and control of the trustee. The Debtor (or the Debtor's employer) shall pay to the trustee the sum of $554.67 per month for estimated 60 months.

Estimated Total of plan payments: $33,280.20.

Plan Length: This plan is estimated to be for 60 months.
Firstech, Inc. / DBA Firstmed Staffing
ATTN: Payroll
3301 West Forest Home Avenue
Milwaukee, WI 53215

$256.00 to be deducted bi-weekly and remitted to the Trustee.

Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee, not to exceed 10% of funds received for distribution.

---

5

Attorneys' fees are to be paid at the rate of all available funds at confirmation.  After confirmation, Attorneys' fees shall be paid all available funds (less trustee fees) each month until paid in full.

Allowed Secured Creditors will receive post confirmation payments of all available funds (less trustee fees) each month after all administrative claims are paid in full until they are paid in full.

If Attorneys' fees and allowed Secured Creditors are paid in full, Priority Creditors shall receive all available funds (less trustee fees) each month until paid in full.  Pursuant to 507(a)(2) and 1326(b)(1), any tax refund submission received by the trustee will first be used to pay any balance of Debtor's Attorney's Fees.

The debtor hereby rejects any and all contracts with any creditors, including, but not limited to, any arbitration clauses contained therein, other than contracts or leases secured solely by real property or any creditors whose contract or lease is specifically marked as assumed in Schedule G.

Secured Claims which do not become due in full within the term of the Plan and are only secured by a security interest solely in real property that is the debtor's principal residence shall be paid according to the arrearage amount claimed on the creditor's proof of claim (unless objected to and an amount is set by the Court) rather than the amount proposed in this Plan.  The interest rates on the arrearages shall be the rates provided by this Plan.

Post Petition Notice of fees, expenses, and charges filed pursuant to Federal Rules of Bankruptcy Procedure 3002.1(c) shall be treated as supplemental proofs of claim and be paid pro rata through the plan at the same time as other secured creditors, unless objected to and the amount is set by or disallowed by the court.  No such claims will be paid where the debtor has provided for the lien to be avoided or for the property to be surrendered by this plan.

General Unsecured non-priority claims shall be paid not less than **1**% of their respective total claims and paid pro rata, with no interest. Anytime the Plan reaches 36 months, the plan shall complete once unsecured creditors receive the percentage numerically indicated above. If the Plan duration actually becomes 36 months or less, then the unsecured claims shall be paid all remaining available funds through month 36 up to 100%.

Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

   a. Creditors with secured claims shall retain their mortgage, lien or security interest in collateral until the earlier of (a) the payment in full of the secured portion of their proof of claim, or (b) discharge under 11 U.S.C. § 1328.

   b. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. § 1301, shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor and any Co-Obligor.

   c. Unless the court orders otherwise, all creditors with claims entitled to priority under 11 U.S.C. §507 shall be paid, in deferred cash payments, the full amount of the portion of their proof of claim as being entitled to that priority.

   d. Claim subject to 11 U.S.C. §523(a)(8) shall be treated as if current during the plan and at the completion of the plan shall be non-dischargeable and deemed current.

Property of the Estate shall revest in the debtor upon discharge, dismissal or other Order of the Court.  During the pendency of the plan confirmed herein, all property of the estate, as defined in §1306(a) of Title 11 of the United States Code, shall remain under the exclusive jurisdiction of the Court.

For claims subject to paragraph 6(A)(ii)(b): Secured Claims Subject to Valuation Under § 506.  The Debtor moves the Court to value collateral as provided in that section according to 11 U.S.C. § 506(a).  Each of the secured claims in this section, if allowed, shall be paid through the plan in pro rata monthly payments, until the secured value or the amount of the claim, whichever is less, plus simple interest in the amount listed in paragraph 6(A)(ii)(b) has been paid in full.  Any remaining portion of the allowed claim shall be treated as a general unsecured claim.  Any claim with a secured value of $0 shall be treated as a general unsecured claim.

For Claims subject to paragraph 6(A)(ii)(a): Secured Claims Not Subject to Valuation Under §506. Each of the claims provided for in that paragraph shall be paid in pro rata payments the principal balance listed in the Creditor's proof of claim plus interest in the

Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

amount listed in paragraph 6(A)(ii)(a).

Pre-Confirmation Adequate Protection Payments. Pre-confirmation adequate protection payments shall be paid by the Trustee through the plan to the Creditors, who hold allowed claims secured by a purchase money security interest in personal property, as indicated in paragraph 6(A)(i). The principal amount of the Creditor's claim shall be reduced by the amount of the adequate protection payments remitted.

**11**. **Direct Payment by Debtor.** Secured creditors and lessors to be paid directly by the Debtor may continue to mail to Debtor the customary monthly notices or coupons or statements notwithstanding the automatic stay.

**12. Modification.** Debtor may file a pre-confirmation modification of this plan that is not materially adverse to creditors without providing notice to creditors if the Debtor certifies that said modification is not materially adverse to said creditors.

| | | | |
|---|---|---|---|
| Date | April 10, 2015 | Signature | /s/ Jacob M Reinders |
| | | | Jacob M Reinders |
| | | | Debtor |

| | | | |
|---|---|---|---|
| Date | April 10, 2015 | Signature | /s/ Kristin Lynn Anschutz |
| | | | Kristin Lynn Anschutz |
| | | | Joint Debtor |

| | |
|---|---|
| Attorney | /s/ Michael J. Watton |
| | Michael J. Watton |
| State Bar No. | |
| Firm Name | Watton Law Group |
| Firm Address | 700 North Water Street |
| | Suite 500 |
| | Milwaukee, WI 53202 |
| Phone | (414) 273-6858 |
| Fax | (414) 273-6894 |
| E-mail | jdrewicz@wattongroup.com |

Chapter 13 Model Plan - as of January 20, 2011

7

Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy